IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| IRIS VENTURA | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv367 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Iris Ventura, a prisoner confined at the Federal Correctional Institution in Aliceville, Alabama, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On February 22, 2021, following a plea of guilty in the United States District Court for the Eastern District of Texas, movant was convicted of Conspiracy to Possess with Intent to Distribute 500 grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Movant was sentenced to a term of 135 months' imprisonment, five years' supervised release, and was ordered to pay a $100 special assessment. *See United States v. Ventura*, No. 1:20cr34(2) (E.D. Tex. Apr. 22, 2021). Movant did not appeal her conviction or sentence.

The Motion to Vacate

Movant brings this motion alleging she was denied the effective assistance of counsel claiming that counsel did not represent her to the best of his ability.

Analysis

*Limitations*

Title 28 U.S.C. § 2255(f), provides in pertinent part the following:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant was convicted and sentenced on February 22, 2021. A criminal judgment becomes final when the applicable period for seeking direct appellate review has expired. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). Movant did not pursue a direct appeal of her conviction or sentence. "[W]hen a federal prisoner fails to file a notice of appeal from her conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of a § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v.*

*Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).[1] Accordingly, movant's conviction became final on March 8, 2021. Thus, movant's motion to vacate was due on or before March 8, 2022.

Here, more than two years elapsed from the time movant's conviction became final until she filed this motion to vacate, set aside, or correct sentence. Therefore, the motion to vacate is barred by the applicable statute of limitations.

Movant attempts to explain that her motion to vacate is timely "[b]ecause it is a drug conspiracy charge." Interpreted liberally, movant's assertion is construed as a request for equitable tolling. While the statutory limitations period is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); *United States v. Jackson*, 470 F. App'x 324 (5th Cir. 2012). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id*., at 653. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

More than two years have elapsed since movant's conviction became final. Movant did not diligently pursue her rights. Therefore, equitable tolling is not warranted, and the motion to vacate is barred by limitations.

## Recommendation

Movant's motion to vacate, set aside or correct sentence should be dismissed.

---

[1] An amended version of Federal Rules of Appellate Procedure Rule 4(b)(1)(A) became effective on December 1, 2009. The 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 12th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge